# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

No. 19-10236
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

INOCENTE RODRIGUEZ-JUAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-223-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Inocente Rodriguez-Juarez appeals the 57-month, within-guidelines prison sentence imposed following his conviction for illegal reentry. He contends that his sentence is substantively unreasonable because the district court failed to accord sufficient weight to the fact that the Government did not commence prosecution until after he was convicted in state court of felony driving while intoxicated and was released on parole. Although Rodriguez-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Juarez also contends that his prison sentence and three-year supervised release term are unconstitutional because they exceed the statutory maximum charged in the indictment, he concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), and he raises the issue solely to preserve it for further review.

We generally review a sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must correctly calculate the guidelines range and make an individualized assessment based on the facts of the case in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 49-50. The court shall impose a sentence sufficient, but not greater than necessary, to comply with § 3553(a)(2)'s goals. § 3553(a). Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the court considered the mitigating evidence presented by Rodriguez-Juarez, including the fact that he would not receive credit against his federal sentence for time spent in state custody and his detention on an immigration detainer. The court ultimately elected not to impose an upward variance, as it had been inclined to do based on Rodriguez-Juarez's multiple convictions for driving while intoxicated, and ordered that the federal sentence run concurrently to any future prison term that may be imposed if the State were to revoke Rodriguez-Juarez's parole. Rodriguez-

No. 19-10236

Juarez therefore has not shown that the district court abused its discretion in weighing or balancing the sentencing factors. *See Cooks*, 589 F.3d at 186. Accordingly, Rodriguez-Juarez fails to rebut the presumptive reasonableness of his within-Guidelines sentence. *See Rashad*, 687 F.3d at 644. The judgment of the district court is thus AFFIRMED.